Robert Earl FORT, Petitioner–
Appellant,

v.

S. Frank THOMPSON, Superintendent,
Oregon State Penitentiary,
Respondent–Appellee.

No. 00–35304.

D.C. No. CV–97–01260–ALA.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument and denies Fort's request to appear and argue the merits of his appeal. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

Robert Earl Fort, an Oregon State prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as procedurally defaulted and without merit. Because Fort's petition cannot succeed on the merits, we need not address the question of procedural default. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may only disturb a state court's determination of law if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); Van Tran v. Lindsey, 212 F.3d 1143, 1153–54 (9th Cir.) (defining "unreasonable application" as involving situations where the state court has committed clear error), cert. denied, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

Fort first contends that the prosecutor knew that he was innocent and withheld evidence. After conducting an evidentiary hearing, the Oregon Circuit Court denied Fort's claims of prosecutorial misconduct on the merits. Because Fort failed to rebut the state court's factual findings by clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), its decision was not

clearly erroneous and the district court properly denied Fort relief.

Fort also contends that he pleaded guilty because his attorney conspired with the prosecution and did not properly investigate his case. To establish ineffective assistance, Fort must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to satisfy the prejudice prong of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Fort did not satisfy that burden because he confessed to the crime and offers no evidence that he would have elected a trial if the court had assigned him a different attorney. Because Fort has not established that the Washington courts' rejection of his ineffective assistance of counsel claims was clearly erroneous, the district court properly denied his petition. *See Van Tran,* 212 F.3d at 1149, 1153.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.